**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

PANTAURUS LLC,

    Plaintiff,

vs.

HEWLETT-PACKARD COMPANY,

    Defendant.

CIVIL ACTION NO.  1:13-CV-00546

**DEFENDANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS
PANTAURUS' CLAIMS OF INDIRECT AND WILLFUL INFRINGEMENT
<u>FOR FAILURE TO STATE A CLAIM</u>**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Hewlett Packard Company ("HP") respectfully moves to dismiss the indirect and willful infringement claims asserted by Plaintiff PanTaurus LLC ("PanTaurus").

## I. INTRODUCTION

PanTaurus' indirect and willful infringement theories require PanTaurus to plead facts that plausibly demonstrate HP's pre-suit knowledge of the asserted patent and HP's intent to direct others to infringe that patent. PanTaurus does not make these allegations. Rather, PanTaurus makes only the conclusory allegations that the asserted patent is "prominent in the field of computer security" and was cited as prior art in a patent application that was "assigned to a corporate subsidiary or affiliate of Defendant." These allegations do not demonstrate any actual pre-suit knowledge of the asserted patent by HP, nor do they demonstrate HP's intent to direct others to infringe that patent. Accordingly, the Court should dismiss PanTaurus' claims of inducement of infringement and willful infringement.

## II. BACKGROUND

PanTaurus' complaint accuses the HP Tape Drive LTO-5 of infringing United States Patent No. 5,434,533 ("the '533 patent"). Docket #1 at ¶ 12. Count One of the complaint includes claims for direct infringement and inducing infringement. *Id.* at ¶¶ 12-18. Count Two separately alleges willful infringement. *Id.* at ¶¶ 21-24. But rather than alleging facts demonstrating that HP had direct knowledge of the '533 patent or knew that its actions constituted infringement, PanTaurus instead alleges that "[t]he '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents." *Id.* at ¶ 24. PanTaurus also alleges that HP knew of, or was willfully blind to, the '533 patent by virtue of that patent being "cited as prior art in connection

1

with the examination of a subsequently-issued U.S. patent that was originally assigned to a corporate subsidiary or affiliate of Defendant." *Id.*

### III. LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To state an actionable claim of indirect infringement under 35 U.S.C. § 271(b), PanTaurus must allege facts from which it can be concluded that HP had knowledge that its alleged acts constitute patent infringement. *Global-Tech Appliances, Inc. v. SEB S.A.,* 131 S.Ct. 2060, 2068 (2011). This requires a prerequisite knowledge of the existence of the patent that is allegedly infringed. *See id.* at 2068. Also, for an inducement claim under 35 U.S.C. § 271(b) (c) to survive a motion to dismiss, the complaint must contain facts "plausibly showing that [HP] specifically intended [the direct infringers] to infringe [the patent-at-issue] and knew that the [direct infringer's] acts constituted infringement." *In re Bill of Lading Transmission and Processing Sys. Patent Litig.,* 681 F.3d 1323, 1339 (Fed. Cir. 2012).

As for willful infringement under 35 U.S.C. § 284, this Court has noted that a claim must allege facts from which it can be concluded "(1) that there was an objectively high likelihood that [HP's] activities constituted infringement of a valid patent and (2) either that [HP] subjectively knew of the risk of infringement or that the risk should have been so obvious, [HP] should have known of the risk." *InMotion Imagery Tech. v. Brain Damage Films*, 2012 WL 3283371 *4 (E.D. Tex. Aug. 10, 2012).

IV.  ARGUMENT

    A.  The Alleged "Prominence" of the '533 Patent Does Not Demonstrate Pre-Suit Knowledge of the Patent for Purposes of Indirect Infringement.

PanTaurus' complaint fails to properly allege a claim of inducement of infringement. PanTaurus does not properly allege that HP had any direct pre-suit knowledge of the asserted patent. Rather, PanTaurus makes the bare allegation that the asserted patent "is a prominent, pioneering patent in the field of computer security." Docket #1, at ¶ 17.[1] PanTaurus' allegation does not support an inference that HP knew about the '533 patent before being served with this lawsuit. In a similar case, the District of Delaware held that media reports about the filing of an earlier lawsuit on the same patent were not enough to support pre-suit knowledge against a different defendant in a subsequent lawsuit:

> SoftView's allegations involving media publicity do not support a reasonable inference that Kyocera learned of the '353 patent. The mere fact that SoftView's lawsuit against Apple and AT&T was reported in certain media outlets does not, by itself, plausibly suggest that Kyocera would have been aware of those particular media reports, particularly given the sheer number and frequency of patent lawsuits asserted against smartphone manufacturers.

*Softview LLC v. Apple Inc., et al.,* No. 10-389-LPS, 2012 WL 3061027, at *6 (D. Del. July 26, 2012). Here, PanTaurus' allegation regarding the alleged "prominence" of the '533 patent does not even rise to the level of the "media publicity" allegations in *Softview*. And PanTaurus' allegation that the '533 patent has been forward-cited in other patents does not support an inference that HP had pre-suit knowledge of the patent. HP is not even among the 10 companies named in the complaint that allegedly forward-cited the patent. Docket #1, at ¶ 14. Thus,

---

[1] PanTaurus' counsel has made similar allegations in prior cases. In *NovelPoint Security LLC v. Hewlett-Packard Company*, No. 2:13-cv-82-JRG and several other related cases, PanTaurus' counsel filed multiple complaints alleging infringement of a different patent, stating: "[t]he '562 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '562 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents." No. 2:13-cv-82-JRG, Docket #1 at ¶ 17.

3

PanTaurus's complaint provides no basis to impute alleged knowledge of the '533 patent from an unrelated third party to HP.  PanTaurus' allegations therefore do not "raise [PanTaurus'] right to relief above the speculative level" (*Twombly*, 550 U.S. at 555-56) and cannot survive a motion to dismiss.

Aside from not alleging pre-suit knowledge, PanTaurus also fails to allege facts demonstrating that HP either knew its accused tape drive infringed the '533 patent, or that it intended for its customers to infringe the patent.  PanTaurus merely parrots the elements of the statute, which the Supreme Court has held to be insufficient.  *Twombly*, 550 U.S. at 555.  The Court should therefore dismiss PanTaurus' claim for inducement of infringement.

    **B.**    **A Citation to the Asserted Patent by an HP Subsidiary Is Inadequate to Establish Pre-Suit Knowledge By HP.**

PanTaurus' allegation that an HP subsidiary cited the '533 patent as prior art in a subsequent patent application also is insufficient at the pleading stage.  PanTaurus' non-specific allegation does not make PanTaurus' claim that HP knew of the asserted patent any more plausible.  In fact, the *Softview* court rejected this very same allegation as being inadequate to demonstrate pre-suit knowledge of a patent.  *Softview LLC,* 2012 WL 3061027 at *5.  As that court held:  "Several steps of speculation are required to infer actual knowledge by AT&T of the [asserted] patent from the fact that an AT&T subsidiary cited the published application of the parent application of the [asserted] patent."  *Id.*  In *Softview*, the court ultimately denied defendant AT&T's motion to dismiss because the court found that several additional allegations of pre-suit knowledge combined to make the plaintiff's claim "plausible."  *Id.* at *6.  Those additional allegations were that AT&T previously had a connection to the inventor of the asserted patent, and that AT&T learned about the asserted patent through its exclusive relationship with Apple (which had knowledge of the asserted patent).  *Id.* at *5.  PanTaurus

4

makes no such allegations here.  Thus, because PanTaurus has not met its pleading burden under the *Iqbal/Twombly* standard, the Court should dismiss its claim of indirect infringement.

   **C. PanTaurus' Allegations Do Not Satisfy the *Seagate* "Known or Obvious" Standard for Willful Infringement.**

PanTaurus' allegation about the alleged "prominence" of the '533 patent or the alleged knowledge of that patent by an HP subsidiary do not support a claim of willful infringement either.  Willful infringement requires the patentee to allege and prove that an "objectively-defined risk…was either known or so obvious that it should have been known to the accused infringer."  *In re Seagate Tech., LLC*, 497 F.3d 1360, 1371 (Fed. Cir. 2007).  This Court previously found the *Seagate* "should have been known" standard was satisfied at the pleading stage where the litigants were competitors in a specific industry and the patentee had previously sued other, similarly situated competitors.  *Motorola Mobility, Inc. v. TiVo Inc.,* Case No. 5:11-cv-53, Dkt. No. 216 (E.D. Tex. Nov. 30, 2012).  But that is not the case here.  PanTaurus does not allege that it is a competitor of HP's (it is not), nor does PanTaurus claim that it previously sued any of HP's competitors in the tape storage industry (it has not).  Thus, PanTaurus' allegations do not rise to level of an inference that HP knew or should have known that there was a risk its accused tape drives infringed the '533 patent.  Rather, PanTaurus' allegations are exactly the type of "conclusory allegations" and "unwarranted deductions of fact" that the Court should not accept.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

**V. CONCLUSION**

For the foregoing reasons, the Court should dismiss PanTaurus' claims for indirect infringement and willful infringement against HP.

5

Respectfully submitted,

Dated:  October 10, 2013

By:  /s/ *Todd S. Patterson*
Todd S. Patterson, Esq.
Texas Bar No. 24060396
todd.patterson@dlapiper.com
**DLA Piper LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Telephone:  512-457-7000
Facsimile:  512-457-7001

**ATTORNEYS FOR DEFENDANT
HEWLETT-PACKARD COMPANY**

**CERTIFICATE OF SERVICE**

The undersigned certifies that on this 10th day of October, 2013, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Todd S. Patterson*
Todd S. Patterson