IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| **PANTAURUS LLC,**<br><br>                    Plaintiff,<br>v.<br><br>**HEWLETT-PACKARD COMPANY,**<br><br>                    Defendant. | Case No. 1:13-cv-546-RC<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFEDNANT HEWLETT-PACKARD COMPANY'S MOTION TO DISMISS PANTAURUS' CLAIMS OF INDIRECT AND WILLFUL INFRINGEMENT FOR FAILURE TO STATE A CLAIM**

Plaintiff PanTaurus LLC ("Plaintiff" or "PanTaurus") files this Response in Opposition to Defendant Hewlett-Packard Company's ("HP") Motion to Dismiss PanTaurus' Claims of Indirect and Willful Infringement for Failure to State a Claim (the "Motion"), and in support thereof shows the Court as follows:

**I. INTRODUCTION**

PanTaurus has pled indirect and willful infringement in accordance with the relevant case law, and has properly set forth claims upon which the Court may grant relief. PanTaurus's pleadings with respect to indirect infringement easily pass muster under the standards recently announced by this Court in *Swipe Innovations, LLC v. Ingenico Corp., et al.*, Case No. 9:12-cv-127, Dkt. No. 37 (E.D. Tex. Jan. 3, 2013) (Clark, J.) (attached as Ex. A), and cases in other divisions within this District such as *InMotion Imagery Techs., LLC v. Imation Corp.*, Case No. 2:12-cv-298, Dkt. No. 20 (E.D. Tex. Mar. 26, 2013) (Gilstrap, J.) (attached as Ex. B) and *Achates Reference Publishing v. Symantec, Inc., et al.*, Case No. 2:11-cv-294, Dkt. No. 303 (E.D. Tex. Jan 10, 2013) (Payne, J.) (attached as Ex. C). In addition, the allegations of PanTaurus's

1

Complaint "reasonably support an inference that [HP] acted with knowledge of the Asserted Patents and, as such, support a good faith basis for alleging willful infringement." *See Motorola Mobility, Inc. v. TiVo Inc.*, Case No. 5:11-cv-53, Dkt. No. 216 at p. 8 (E.D. Tex. Nov. 30, 2012) (Gilstrap, J.) (attached as Ex. D).

## II. FACTUAL BACKGROUND AND LEGAL ANALYSIS

### A. PanTaurus's Allegations

Generally, PanTaurus alleges that HP directly, indirectly, and willfully infringed U.S. Patent No. 6,272,533[1] (the "'533 Patent") by HP's actions with respect to its secure computer systems covered by one or more claims of the '533 Patent, including without limitation HP tape drives (for example, the LTO-5) that are FIPS 140-2 compliant. The representative Accused Instrumentality that PanTaurus has accused in the HP case is an encrypted tape drive. So that the Court may have a full picture of PanTaurus's allegations, the key paragraphs of PanTaurus's Complaint are reproduced in full here:

**Direct and Indirect Infringement**

12. Upon information and belief, Defendant has infringed and continues to directly infringe one or more claims of the '533 Patent, including at least claim 29, by making, using, importing, selling and/or offering for sale secure computer systems covered by one or more claims of the '533 Patent, including without limitation HP tape drives (for example, the LTO-5) that are FIPS 140-2 compliant (the "Accused Instrumentalities"). (The Accused Instrumentalities are not limited to the time period after FIPS 140-2 compliance was achieved.)

13. Upon information and belief, Defendant has induced infringement and continues to induce infringement of one or more claims of the '533 Patent, including at least claim 29, by end users of the Accused Instrumentalities. Defendant specifically intended for end users of the Accused Instrumentalities to infringe the '533 Patent and knew that the end users' acts constituted infringement. Defendant had knowledge of the '533 Patent or acted with willful blindness to the '533 Patent, and Defendant had the specific intent to cause infringement.

---

[1] HP mistakenly referred to the wrong patent number in its Motion (see the first sentence of Section II, at p. 1), probably because its counsel copied this Motion from an almost identical motion filed in another case involving different parties but the same counsel.

14. Prior to service of this action, Defendant had knowledge of the '533 Patent or was willfully blind to the '533 Patent. Knowledge or willful blindness is shown or can be inferred from the fact that the '533 Patent was cited as prior art in connection with the examination of a subsequently-issued U.S. patent that was originally assigned to a corporate subsidiary or affiliate of Defendant (U.S. Patent No. 7,680,999). In addition, knowledge or willful blindness can be further inferred from the fact that the '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '533 Patent has been forward-cited in approximately 60 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as Intel (18 times), Dot Hill Systems (13 times), IBM, Nikon, Dell, Seagate, Lenovo, McAfee, Lockheed Martin, and STMicroelectronics.

15. At least since service of this action, Defendant has had knowledge of the '533 Patent.

16. Upon information and belief, since Defendant has been on notice of the '533 Patent, Defendant has continued to encourage, instruct, enable, and otherwise cause end users of the Accused Instrumentalities to use the Accused Instrumentalities in a manner that infringes one or more claims of the '533 Patent, including at least claim 29.

17. Defendant's specific intent to cause infringement can be inferred from, without limitation, the facts that Defendant makes, uses, sells, offers for sale and/or imports the Accused Instrumentalities comprising or containing the infringing secure computer system, that Defendant markets the security features of the Accused Instrumentalities, that Defendant differentiates the Accused Instrumentalities from other similar devices that do not contain such security features, and that Defendant has obtained a special FIPS 140-2 security certification, which is a United States government computer security standard, to promote the sale and use of Accused Instrumentalities. In addition, Defendant has not produced any evidence showing any investigation or design around, or that it has taken any remedial action with respect to the '533 Patent.

18. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of induced infringement after a reasonable opportunity for discovery on this issue.

**Willfulness**

21. Plaintiff incorporates paragraphs 1 through 20 herein by reference.

22. The infringement of the '533 Patent by Defendant has been willful and continued to be willful after Defendant had knowledge of the '533 Patent. Upon information and belief, Defendant had knowledge of the '533 Patent because the

'533 Patent was cited as prior art in connection with the examination of a subsequently-issued U.S. patent that was originally assigned to a corporate subsidiary or affiliate of Defendant (U.S. Patent No. 7,680,999). In addition, the '533 Patent is a prominent, pioneering patent in the field of computer security. This is evidenced in part by the extent to which the '533 Patent has been forward-cited as prior art in connection with the examination of subsequently-issued U.S. patents. The '533 Patent has been forward-cited in approximately 60 subsequently-issued U.S. patents to date, including patents originally assigned to such prominent companies as Intel (18 times), Dot Hill Systems (13 times), IBM, Nikon, Dell, Seagate, Lenovo, McAfee, Lockheed Martin, and STMicroelectronics.

23. After the time Defendant had knowledge of the '533 Patent, it continued to directly infringe the '533 Patent and/or induce infringement of the '533 Patent. Upon information and belief, Defendant did so despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '533 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have been known to Defendant.

24. In accordance with Fed. R. Civ. P. 11(b)(3), Plaintiff will likely have additional evidentiary support for its claims of willful infringement after a reasonable opportunity for discovery on this issue.

*See* PanTaurus's Complaint [Dkt. No. 1]. These are allegations of substance, not bare-bones allegations of the type that tend to be rejected by courts in this District on Rule 12 motions.

    **B.**    **Argument and Authorities**

        **1.**    **Indirect Infringement**

In assessing HP's Motion with respect to PanTaurus's allegations of indirect infringement and willfulness, the Court must accept as true PanTaurus's factual allegations, and given the truth of the allegations the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 127 S. Ct. at 1965). The "plausibility" standard does not require proof of "probability." *Id*. Instead,

PanTaurus's complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. Further, the pleading stage is not the proper point to provide conclusions based on factual allegations presented. "[W]hen a complaint adequately states a claim, it may not be dismissed based on a district court's assessment that the plaintiff will fail to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Twombly*, 127 S. Ct. at 1969 n.8.  As this Court succinctly noted, the plaintiff "need not prove its case at the pleading stage."  *Swipe Innovations*, Slip Op. at 5 (citing *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)).

PanTaurus's indirect infringement allegations meet the *Iqbal/Twombly* standard, as shown by the decisions in this Court on similar pleading challenges.  *See, e.g.,* the *Swipe Innovations, InMotion Imagery,* and *Achates* cases referenced on p. 1, above.  PanTaurus has set forth specific facts on which it may be reasonably inferred that HP had knowledge of the '533 Patent or was willfully blind to the '533 Patent, as permitted under *Global-Tech Applicances, Inc. v. SEB S.A.*, 131 S.Ct. 2060 (2011).   PanTaurus has also expressly alleged that, in accordance with Fed.  R. Civ. P. 11(b)(3), it will likely have additional evidentiary support after a reasonable opportunity for discovery on this issue.

The paragraph of PanTaurus's Complaint, Paragraph 14, that sets forth certain specific allegations from which it may be reasonably inferred that HP had knowledge of the '533 Patent or was willfully blind to it is sufficient to sustain PanTaurus's claim of indirect infringement.

First, PanTaurus states that HP has had knowledge of the '533 Patent since service of this lawsuit, which is undoubtedly sufficient to sustain a claim for induced infringement post-filing. Second, PanTaurus states that the '533 Patent was forward-cited in a patent originally assigned

to an HP subsidiary company, which unquestionably provided knowledge to the HP people involved.[2] These two facts standing on their own are more than sufficient for pleading purposes.

And third, the fact that the '533 Patent is a prominent patent in the field, forward-cited by many well-known companies, simply provides further support that HP had knowledge or was willfully blind to the '533 Patent. Even that allegation alone would be sufficient, as shown by *Investpic, LLC v. FactSet Research Sys., Inc.*, 2011 WL 4591078 at *2 (D. Del. Sept. 30, 2011) (attached as Ex. E). There, the Court held that the plaintiff's allegation "that the defendants knew of the '291 patent, because the '291 patent 'is well-known in the industry—having been cited by at least 79 issued U.S. patents since 2001,'" was sufficient to support a claim of willful infringement based on knowledge of the patent at issue. PanTaurus's allegations regarding at least 60 forward cites of the '533 Patent by a number of the most prominent computer technology companies in the U.S. and the world are at least as compelling as those found sufficient in *Investpic*. Given that level of prominence of the '533 Patent in the relevant field of technology, it is plausible and quite reasonable to infer that a prominent maker and seller of secured computer products such as HP knew of or was willfully blind to the '533 Patent, even if that were the only allegation to support knowledge or willful blindness (which it is not).

### 2. Willfulness

The relevant legal standard for this Motion is that a claim for willful patent infringement requires proof that (1) "the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," and (2) "this objectively-defined risk (determined by the record developed in the infringement proceeding) was either known or so obvious that it should have been known to the accused infringer." *In re Seagate Tech., LLC*, 497 F.3d 1360,

---

[2] Although not part of this record, the LinkedIn pages for the inventors on the HP patent that forward-cited the '533 Patent (U.S. Patent No. 7,680,999) say that they work(ed) for "HP" or "Hewlett-Packard" during the relevant time frame.

1371 (Fed. Cir. 2007). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Division of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003). As noted above, in assessing the Motion, the Court must accept as true PanTaurus's factual allegations.

Much like the pleading requirements for direct infringement, "the bar for pleading willful infringement is not high." *Lodsys, LLC v. Brother Int'l Corp.*, 2012 WL 760729 at *4 (E.D. Tex. Mar. 8, 2012) (Gilstrap, J.) (attached as Ex. F) (denying motion to dismiss willful infringement claim where plaintiff pled "some limited factual basis regarding knowledge" of the patents in suit); *see also WordCheck Tech, LLC v. Alt-N Techs., Ltd.*, Case No. 6:10-cv-457, Dkt. No. 755 at p. 3 (E.D. Tex. July 17, 2012) (Davis, J.) (attached as Ex. G). At the pleading stage, the plaintiff must establish a good faith basis for alleging willful infringement. *In re Seagate*, 497 F.3d at 1374.

Under these standards, as set forth in more detail in the section above regarding indirect infringement, PanTaurus's Complaint contains factual allegations that are more than sufficient to satisfy the willfulness standards. PanTaurus's specific willfulness allegations in paragraphs 22 and 23 of the Complaint (as well as the other paragraphs of PanTaurus's Complaint that were incorporated by reference) support the reasonable inference that the *Seagate* standard was met, as discussed above. In addition, in paragraph 23 PanTaurus also specifically alleged that the elements of willfulness were met.

PanTaurus's allegations are similar to those that Judge Payne readily found sufficient to support a claim of willfulness in *NovelPoint Security LLC v. Samsung Electronics America, Inc., et al.*, Case No. 2:12-cv-100, Dkt. No. 126 (E.D. Tex. July 22, 2013) (Payne, J.) (attached as Ex.

7

H).  In that case, the plaintiff had alleged that the patents in suit were prominent in the field and that a corporate affiliate of the defendant at issue (Toshiba) was a member of an industry consortium group where it could have plausibly learned of the patents in suit.  *NovelPoint*, Slip. Op. at 1-2.  The Court found that those allegations, on their face, plausibly state a claim to relief. *Id.* at 3-4.  The Court's analysis summarily dispensed with the defendant's argument:

> In filing its Motion, [the defendant] asks the Court to make a finding that "the alleged 'prominence' of the patents-in-suit cannot support a claim for willful infringement" and that "alleged knowledge of the patents-in-suit by third parties cannot support a claim of willful infringement."  However, even these requests demonstrate that [the plaintiff] **has** pled specific facts (the "alleged prominence" and "alleged knowledge").  [Defendant] simply disagrees with [Plaintiff's] theory of willfulness.  A motion to dismiss is not the proper mechanism for the Court to make an "assessment that the plaintiff will fail to find evidentiary support for his allegations of prove his claim to the satisfaction of the factfinder."

*Id.* (internal citations omitted) (emphasis in original).[3]

Here, PanTaurus has alleged knowledge by HP in paragraph 22 of the Complaint, and it has made allegations to support the legal standard for willfulness.  PanTaurus specifically alleges that HP knew that its actions constituted infringement, in paragraph 23 of the Complaint: "After the time Defendant had knowledge of the '533 Patent, it continued to directly infringe the '533 Patent and/or induce infringement of the '533 Patent.  Upon information and belief, Defendant did so despite an objectively high likelihood that its actions constituted infringement of a valid patent (*i.e.*, the '533 Patent), and this objectively-defined risk was known to Defendant or so obvious that it should have been known to Defendant."  *See* Complaint at p. 5.

---

[3] Interestingly HP was a defendant in the *NovelPoint* case, represented by the same counsel who represent HP in this case.  It is very curious that HP filed the current motion with knowledge of Judge Payne's prior ruling on allegations that were similar to (but at least somewhat weaker than) PanTaurus's allegations here.  This is particularly true because a reading of the *NovelPoint* opinion surely conveys that the Court's decision was not a close call.

### III. CONCLUSION

PanTaurus has alleged more than sufficient facts to support its claims for indirect infringement and willfulness against HP. Accordingly, for the reasons set forth in this Response, PanTaurus respectfully requests the Court deny HP's Motion to Dismiss. In the alternative, PanTaurus requests that the Court grant leave to amend its Complaint.[4] PanTaurus further requests that the Court grant PanTaurus such other and further relief to which it is entitled.

Dated: October 28, 2013                                  Respectfully submitted,

                                             */s/ Craig Tadlock*
                                             Craig Tadlock
                                             State Bar No. 00791766
                                             Keith Smiley
                                             State Bar No. 24067869
                                             TADLOCK LAW FIRM PLLC
                                             2701 Dallas Parkway, Suite 360
                                             Plano, Texas 75093
                                             903-730-6789
                                             craig@tadlocklawfirm.com
                                             keith@tadlocklawfirm.com

                                             ***Attorneys for Plaintiff***
                                             ***PanTaurus LLC***

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on all parties who have appeared in this case on October 28, 2013, via the Court's CM/ECF system.

                                             */s/ Craig Tadlock*
                                             Craig Tadlock

---

[4] *See Achates*, Slip Op. at 5 (granting motion to dismiss willfulness claim based on "bare allegations," but granting leave to amend); *Advanced Data Access LLC v. Nanya Tech. Corp.*, Case No. 6:11-cv-473, Dkt. No. 111 at p. 7 (E.D. Tex. Apr. 24, 2012) (Love, J.) (attached as Ex. I) (granting motion to dismiss willfulness claim but granting leave to amend).